UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>DUSTIN I. YEARY,<br>    Defendant. | CRIMINAL NO. 7:11-12-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

Defendant Dustin Yeary requests (DE 63) compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (DE 63). For the following reasons, the Court must deny the motion.

Yeary pleaded guilty to attempted robbery of a federal postal employee in violation of 18 U.S.C. § 2114(a) and brandishing a firearm during a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A). By judgment dated April 24, 2012 (DE 48), the Court sentenced Yeary to a prison term of 130 months. He has a projected release date of June 6, 2023. (DE 63-1, Letter.)

He now moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." He asserts that he has been diagnosed with "severe liver damage." He asserts this condition and the medication he takes to treat it weaken his immune system, making him more likely to contract COVID-19.

18 U.S.C. § 3582(c)(1)(A) allows a court, upon a proper motion, to modify a term of imprisonment and grant what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. See 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit recently determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting relief. United States v. Alam, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. Id. at 834. The government concedes that more than 30 days have lapsed since Yeary requested compassionate release from the warden. Accordingly, the Court has authority to consider his request for compassionate release.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that

2

"extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." Nevertheless, the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) sets forth the circumstances under which extraordinary and compelling reasons exist for modifying a sentence.

One of these is the medical condition of the defendant. The defendant must be suffering from a "terminal illness," or he must be suffering from a serious physical or mental impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. While Yeary asserts he has a serious medical condition, he does not assert, nor is there any evidence in the record, that he has a terminal illness as defined under the policy statement. Likewise, he does not assert, nor is there any evidence in the record, that he has a permanent impairment that has substantially diminished his ability to provide self-care within the prison environment.

The policy statement also has a catchall provision, which provides that undefined "other reasons" may exist that constitute an extraordinary and compelling reason to modify a sentence. These "other reasons" may only be "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 n. 1 (D). This Court has no authority to find "other reasons" that may justify a sentence reduction beyond those

delineated in the policy statement. See United States v. Lynn, No. CR 89-0072-WS, 2019 WL 3805349, at *2 (S.D. Ala. Aug. 13, 2019).

Even if extraordinary and compelling circumstances did exist, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); see *United States v. Spencer*, No. 20-3721, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020). These factors include, among other things: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the sentencing range for the applicable category of offense; and (3) the need for the sentence imposed to adequately deter criminal conduct, to protect the public from the defendant's further crimes, and to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a). The court must also find that the defendant "is not a danger to the safety of any other person or to the community." U.S. Sentencing Guidelines Manual § 1B1.13 (referencing 18 U.S.C. § 3142(g)).

The Court commends Yeary for taking the positive steps he has taken while incarcerated. He has taken advantage of educational opportunities and substance abuse treatment programs. He asserts that he has been drug free for an extended period. This is an important and positive development. Further, it appears that he has done a good job as an orderly. (DE 63-3, e-mail.) Nevertheless, the factors under 18 U.S.C. § 3553(a) do not support Yeary's release at this time.

He was convicted of a serious and violent offense. Before the crime of conviction, he had an extensive criminal history, which appears to have largely coincided with a

4

history of substance abuse. It appears that he has been disciplined for at least one altercation in prison and with possessing drugs or alcohol and a dangerous weapon. (DE 63-1, Letter.) Considering the need for Yeary's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is not appropriate. Further, based upon the record before it, the Court cannot find that Yeary would not pose a danger to the safety of any person or the community if he were to be released.

Accordingly, the Court HEREBY ORDERS that Yeary's motion for compassionate release (DE 63) is DENIED.

Dated November 03, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY